**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| John T. Theobald, <u>et. al.</u>, | ) |
| | ) |
| Plaintiffs, | ) Case No. 1:14-CV-687 |
| | ) |
| vs. | ) |
| | ) |
| Wells Fargo Bank, N.A., <u>et al.</u>, | ) |
| | ) |
| Defendants. | ) |

O R D E R

This matter is before the Court on motions to dismiss filed by Defendants Shapiro, Van Ess, Phillips & Barragate, LLP (Doc. No. 10) and Wells Fargo Bank, N.A. (Doc. No. 11).  For the reasons the follow, both motions to dismiss are well-taken and are **GRANTED.**

I. Background

Plaintiff John T. Theobald, on behalf of himself and a potential class of similarly-situated plaintiffs, filed a lawsuit against Defendants Shapiro, Van Ess, Phillips & Barragate, LLP ("SVPB") and Wells Fargo Bank, N.A. ("Wells Fargo") asserting three claims.  First, Plaintiff alleged that SVPB violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e and 15 U.S.C. § 1692f, by filing a state court foreclosure action against him of behalf of Wells Fargo in which it allegedly falsely alleged that Wells Fargo was the payee of his promissory note and mortgage.  Additionally, Plaintiff alleged that SVPB attempted to collect fees it had no right to collect under the terms of the note and mortgage.  Second, Plaintiff alleged that Wells Fargo breached the note and mortgage by attempting to collect fees to which it was not entitled under the terms

of the note and mortgage. Third and finally, Plaintiff alleged that both SVPB and Wells Fargo were unjustly enriched by charging and collecting fees and costs based on a foreclosure action which had been improperly instituted.

Both Defendants moved to dismiss the claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state claims for relief. SVPB argues that Plaintiff's FDCPA claim is barred by the one-year statute of limitations and/or by collateral estoppel and/or by the <u>Rooker-Feldman</u> doctrine. SVPB argues further that Plaintiff has not stated an unjust enrichment claim because the fees it sought to collect were authorized by the promissory note he signed and because the complaint fails to allege that any benefit was conferred upon it.

Wells Fargo argues that the Court should abstain from adjudicating Plaintiff's claims against it because the foreclosure action is still pending in state court. If the Court does not abstain, however, Wells Fargo argues that Plaintiff's breach of contract and unjust enrichment claims fail to state claims for relief. Wells Fargo argues that Plaintiff cannot sue it for breaching a contract that he admits he breached by failing to make his monthly mortgage payments. Wells Fargo also argues that Plaintiff's breach of contract claim fails because, although he alleges that Wells Fargo sought to collect allegedly improper fees, he fails to allege that he actually paid any improper fees. Therefore, according to Wells Fargo, Plaintiff has not alleged he suffered any damages as a result of its alleged breach of the note and mortgage. Finally, Wells Fargo argues that Plaintiff cannot maintain an unjust enrichment claim because the note and mortgage expressly govern its ability to charge and collect fees.

Plaintiff failed to respond to either motion to dismiss within the time period required by the local rules of civil procedure. The Court, nevertheless, is required to ensure that Defendants are entitled to judgment before granting their motions. Byrne v. CSX Transp., Inc., 541 Fed. Appx. 672, 675 (6th Cir. 2013).

II. Standard of Review

A motion to dismiss for failure to state a claim operates to test the sufficiency of the complaint. The court must construe the complaint in the light most favorable to Plaintiff, and accept as true all well-pleaded factual allegations. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983). The court need not accept as true legal conclusions or unwarranted factual inferences. Lewis v. ACB Business Servs., Inc., 135 F.3d 389, 405 (6th Cir. 1998).

The complaint, however, must contain more than labels, conclusions, and formulaic recitations of the elements of the claim. Sensations, Inc. v. City of Grand Rapids, 526 F.3d 291, 295 (6th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The factual allegations of the complaint must be sufficient to raise the right to relief above the speculative level. Id. Nevertheless, the complaint is still only required to contain a short, plain statement of the claim indicating that the pleader is entitled to relief. Id. (citing Erickson v. Pardus, 551 U.S. 89, 93 (2007)). Specific facts are not necessary and the pleader is only required to give fair notice of the claim and the grounds upon which it rests. Id. To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation

marks omitted). Mere conclusions, however, are not entitled to the assumption of truth. Id. at 678-89. A claim is facially plausible if it contains content which allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 678. Plausibility is not the same as probability, but the complaint must plead more than a possibility that the defendant has acted unlawfully. Id. If the complaint pleads conduct which is only consistent with the defendant's liability, it fails to state a plausible claim for relief. Id.

### III. Analysis

#### A. Fair Debt Collection Practices Act

As stated above, SVPB argues that Plaintiff's FDCPA claim is barred by, inter alia, the statute of limitations. The Court agrees.

The FDCPA provides that "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).

In this case, SVPB filed the state foreclosure action against Plaintiff on December 27, 2011, Complaint ¶ 16, and served Plaintiff with the complaint on December 29, 2011. Doc. No. 11-1, at 2. SVPB is correct that the Sixth Circuit has not decided whether the FDCPA statue of limitations commences on the date of the filing of an alleged false and misleading foreclosure complaint or the date of service of the complaint. Ruth v. Unifund CCR Part., 604 F.3d 908, 914 (6th Cir. 2010). Nevertheless, given that Plaintiff did not file the complaint in this case until September 2013, his FDCPA claim was filed well beyond one year after service of the allegedly

4

false and misleading foreclosure complaint. Even giving Plaintiff the extreme benefit of the doubt as to the date of the accrual of his FDCPA claim, he certainly was aware of SVPB's alleged false and misleading statements no later than April 2012 when he moved the state court to dismiss the foreclosure complaint on the grounds that Wells Fargo was not the real party-in-interest to the note and mortgage. Doc. No. 11-3, at 1. See Ruth, 604 F.3d at 910-11 (holding that plaintiff became aware of the grounds for her FDCPA claim when she raised the defendant's lack of capacity to sue as an affirmative defense to the defendant's state court action to collect a credit card debt). Again, however, Plaintiff filed his FDCPA claim well beyond one year after April 2012.

In summary, the record clearly establishes that Plaintiff's FDCPA claim is barred by the one-year statute of limitations. Accordingly, SVPB's motion to dismiss Plaintiff's FDCPA claim is well-taken and is **GRANTED.** This claim is **DISMISSED WITH PREJUDICE.**

## II. Breach of Contract

Plaintiff alleges that Wells Fargo allegedly breached the note and mortgage by attempting to collect fees and expenses not provided for by the parties' agreement. Wells Fargo argues that the Court should abstain from reaching the merits of this claim because it is intertwined with the state foreclosure action, there are no federal interests at stake, and Plaintiff's rights can be adequately protected by the state court. The Court agrees.

A federal court may abstain from exercising subject matter jurisdiction over a case otherwise properly before it in favor of parallel state court proceedings after

balancing the following factors: (1) which court first assumed jurisdiction over the res or property involved, (2) the inconvenience of the federal forum, (3) the desirability of avoiding piecemeal litigation, (4) the order of filing for the state and federal actions, and (5) the presence of a federal question. Gottfried v. Medical Planning Serv., Inc., 142 F.3d 326, 329 (6th Cir. 1998).

Plaintiff's breach of contract claim is intertwined with Wells Fargo's state court foreclosure action because both cases involve the amounts due, if any, to Wells Fargo under the parties' note and mortgage agreements. The state court action was filed first and there is no federal question present with Plaintiff's breach of contract claim. It is therefore, desirable for the state court to resolve these questions in order to avoid piecemeal litigation and to avoid inconsistent judgments. Additionally, the state court has jurisdiction over the property involved in the foreclosure action.

Therefore, all of these factors favor abstaining from exercising jurisdiction over Plaintiff's breach of contract claim. Plaintiff's breach of contract claim will be **DISMISSED WITHOUT PREJUDICE.**

### III. Unjust Enrichment

The Court will not abstain from exercising jurisdiction over Plaintiff's unjust enrichment claim because it is plainly without merit. Wells Fargo is correct that Plaintiff does not have a viable unjust enrichment claim against it because the parties' obligations to each other are covered by a written agreement. Ohio Farmers Ins. Co. v. Commercial Ctr. Contrs. Corp., 676 N.E.2d 928, 931 (Ohio Ct. App. 1996).

With respect to SVPB, the complaint fails to allege any facts that demonstrate that SVPB retained funds which in all fairness belong to Plaintiff. Dixon v. Smith, 695 N.E.2d 284, 289 (Ohio Ct. App. 1997).

Accordingly, Defendants' respective motions to dismiss Plaintiff's unjust enrichment claim are well-taken and are **GRANTED**. This claim is **DISMISSED WITH PREJUDICE.**

### Conclusion

In conclusion, Defendant Shapiro, Van Ess, Phillips & Barragate, LLP's motion to dismiss (Doc. No. 10) is well-taken and is **GRANTED**. Plaintiff's FDCPA and unjust enrichment claims against this Defendant are **DISMISSED WITH PREJUDICE.**

Defendant Wells Fargo Bank, N.A.'s motion to dismiss is well-taken (Doc. No. 11) and is **GRANTED**. Plaintiff's unjust enrichment claim is **DISMISSED WITH PREJUDICE.** The Court abstains from exercising subject matter jurisdiction over Plaintiff's breach of contract claim. That claim is **DISMISSED WITHOUT PREJUDICE. THIS CASE IS CLOSED.**

      **IT IS SO ORDERED**

Date April 1 , 2014             s/Sandra S. Beckwith
                                                                         Sandra S. Beckwith
                                                                        Senior United States District Judge